UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUDITH C. LEONARD-ANDERSON, ) <br> o/b/o JAMES LEONARD (DECEASED) ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> COMMISSIONER OF SOCIAL SECURITY, ) <br> ) <br> Defendant. ) | No. 4:09CV1472 HEA <br> (TIA) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion to Reverse and Remand. The case was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b). The suit involves applications for Disability Insurance Benefits under Title II of the Social Security Act.

**Procedural History**

On October 4, 2000, James Leonard protectively filed an Application for Disability Insurance Benefits, alleging disability since May 1, 2000.[1] (Tr. 10, 79) The application was denied (Tr. 44, 52-55), and Mr. Leonard subsequently requested a hearing before an Administrative Law Judge (ALJ), which was held on December 11, 2001. (Tr. 19-43, 57, 67) In a decision dated May 3, 2002, the ALJ found that Mr. Leonard had not been under a disability as defined by the Social Security Act at any time through the date of the decision. (Tr. 10-16) The Appeals Council denied his Request for Review on July 26, 2002. (Tr. 2-4)

---

[1] The record also demonstrates that Mr. Leonard had filed an application for Supplemental Security Income. However, the Social Security Administration dismissed the claim after receiving notification of Plaintiff's death. (Tr. 222-24)

Mr. Leonard then filed an appeal in federal court. On March 2, 2004, United States Magistrate Judge David D. Noce reversed the decision and remanded the case to Commissioner for further proceedings. (Tr. 246-58) Mr. Leonard passed away on September 2, 2004 (Tr. 551) On November 17, 2004, Mr. Leonard's mother, Judith Leonard-Anderson, the Plaintiff in this case, testified at a supplemental hearing before a second ALJ. (Tr. 547-68) On January 10, 2005, the ALJ found that Mr. Leonard was not disabled as defined by the Social Security Act during the May 1, 2000 through September 2, 2004 period. (Tr. 510-518) Plaintiff's attorney filed a Request for Review, and on October 26, 2005, the Appeals Council remanded the case to the ALJ, finding that the decision did not satisfy the requirements set forth in the Social Security Administration regulations and the Social Security Rulings with regard to the ALJ's reliance on the Medical-Vocational Guidelines. (Tr. 504-06)

Plaintiff, Ms. Leonard-Anderson, attended another hearing before a third ALJ on March 8, 2006. (Tr. 569-84) On June 17, 2006, the ALJ determined that Mr. Leonard was not disabled and was not entitled to a Period of Disability of Disability Insurance Benefits. (Tr. 233-41) Plaintiff's attorney again filed a Request for Review, and on July 30, 2009, the Appeals Council denied the request. (Tr. 214-17, 225-28) Thus, the ALJ's decision is the final decision of the Commissioner.

**Discussion**

On September 16, 2009, Plaintiff filed this civil action for judicial review of the Commissioner's final decision, and the Commissioner filed his Answer and the Transcript on December 7, 2009. On March 8, 2010, Plaintiff filed her Brief in Support of the Complaint, asserting that the ALJ erred by failing to follow the Order of the Appeals Council remanding the case to obtain Vocational Expert testimony regarding Mr. Leonard's non-exertional impairments. On, April 19,

2010, the Defendant filed a Motion to Remand, requesting that the Court reverse the ALJ's decision and remand the action to the Defendant pursuant to sentence four of 42 U.S.C. § 405(g). The Defendant noted that the Appeals Council reviewed the Commissioner's decision and determined that remand was appropriate in this case. According to the Defendant, upon receipt of the Court's remand order, the Appeals Council will remand the case to the ALJ to reconsider Plaintiff's Title II claim. Specifically, the ALJ will properly consider the opinion of John Pearson, M.D., in accordance with 20 C.F.R. .§ 404.1527 and Social Security Ruling 96-2p. The ALJ will then reevaluate Mr. Leonard's residual functional capacity and, if necessary, obtain Vocational Expert testimony consistent with Social Security Ruling 85-15. Thus, the Defendant requests that the Court enter a final judgment reversing the ALJ's decision and remanding the case to the Commissioner for further review.

Two sentences in 42 U.S.C. § 405(g) govern remands. Shalala v. Schaefer, 509 U.S. 292, 296 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). Defendant requests a remand under sentence four, which provides that upon review of Social Security determinations, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with our without remanding the cause for a rehearing." Sentence four requires a substantive ruling on the correctness of the administrative decision. Melkonyan, 501 U.S. at 98; Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000). Further, case law suggests that a district court should conduct a plenary review of the entire record before entering a judgment affirming, modifying, or reversing the Commissioner's

decision with or without a remand order. See Schaefer, 509 U.S. at 297; Buckner, 213 F.3d at 1010.[2]

The undersigned has reviewed the record in light of the Defendant's assertions in the Motion to Reverse and Remand. Because the Appeals Council has agreed that remand is warranted, little discussion is necessary. However, it is worth noting that on October 26, 2005, the Appeals Council remanded the case to the ALJ to obtain Vocational Expert ("VE") testimony. (Tr. 504-06) However, the third ALJ did not utilize a VE and instead relied on the Medical-Vocational Guidelines, despite a finding of environmental restrictions. (Tr. 240) In addition, the while the ALJ did analyze some medical records from Dr. Pearson, Plaintiff's treating physician, the ALJ failed to mention or discuss Dr. Pearson's opinion that Mr. Leonard's sleep apnea and pickwickian syndrome remained a significant impediment to keeping an eight-hour job. (Tr. 177, 235-36) Specifically, Dr. Pearson noted, "[a]ny job requiring any degree of alertness to assure employee safety would and should be strongly discouraged." (Tr. 177) "The ALJ's failure to afford proper weight to [Dr. Pearson's] opinion constitutes reversible error and renders the ALJ's decision not supported by substantial evidence." Heese v. Astrue, No. 08-5053-RHB, 2009 WL 3233495, at *4 (D.S.D. Oct. 7, 2009).

In light of the errors committed by the ALJ, the case should be remanded for further proceedings. On remand, the ALJ should properly consider the opinion of John Pearson, M.D., in accordance with 20 C.F.R. .§ 404.1527 and Social Security Ruling 96-2p. The ALJ should then reevaluate Mr. Leonard's residual functional capacity and, if necessary, obtain Vocational Expert

---

[2] The undersigned agrees that sentence four's phrase "upon the pleadings and transcript of the record" supports the interpretation that plenary review is necessary before remand. However, the statute does not explicitly mandate such in-depth evaluation. In the instant case, such review would serve no useful purpose, as the Commissioner has moved for a sentence four remand based upon infirmities in the ALJ's decision, and the Plaintiff has no objection to such remand.

4

testimony consistent with Social Security Ruling 85-15. Because the Defendant agrees that the case should be remanded, and the Plaintiff has no objection, Defendant's Motion to Reverse and Remand under sentence four should be granted.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Reverse and Remand [Doc. #23] be **GRANTED** and that the final decision of the Commissioner denying social security benefits be **REVERSED** and this case be **REMANDED** to the Commissioner for further proceedings consistent with this Report and Recommendation.

The parties are advised that they have fourteen (14) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this   4th   day of June, 2010.